Filed 4/12/16  P. v. Corum CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078273 |
| v. | (Super. Ct. No. 12F8705) |
| RYAN JAMES CORUM, | |
| Defendant and Appellant. | |

Defendant Ryan James Corum pleaded guilty to felony battery on a custodial officer (count 1) and misdemeanor battery on a custodial officer (count 3).  He also admitted a prior strike allegation.  The trial court sentenced him to six years in prison

1

on the count 1 felony conviction but did not orally impose sentence on the count 3 misdemeanor conviction.

Defendant now contends we must remand the matter to the trial court and direct the trial court to impose a stayed sentence on count 3 pursuant to Penal Code section 654.

We will reverse defendant's sentence and remand the matter to the trial court for resentencing so that it can impose sentence on the count 3 misdemeanor conviction and consider whether that sentence must be stayed pursuant to Penal Code section 654. We will otherwise affirm the judgment.

## BACKGROUND

In December 2012, law enforcement responded to a call that defendant was breaking into and attempting to enter an occupied home. Defendant had a misdemeanor warrant for his arrest and officers placed him under arrest. At booking, defendant became verbally assaultive with Correctional Officer Sancibrian. He spit at Sancibrian and missed. Sancibrian told defendant not to spit again or he would have to put a spit cover over defendant's face. Defendant spit at Sancibrian again, this time hitting him.

A complaint in this case -- case No. 12F8705 -- charged defendant with battery on a custodial officer (Pen. Code, § 243.1 -- count 1)[1] and misdemeanor vandalism (§ 594, subd. (b)(2)(A) -- count 2). The information also alleged as to count 1 that defendant had previously been convicted of a prior serious felony (§ 1170.12) and had served four prior prison terms (§ 667.5, subd. (b)). The trial court subsequently granted the People's motion to add a count for misdemeanor battery on a custodial officer (§ 243, subd. (b) -- count 3). In March 2014, defendant pleaded guilty to the two battery charges and the vandalism charge was dismissed with a *Harvey*[2] waiver for restitution. Defendant also

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

admitted the prior strike allegation. The remaining charges and allegations were dismissed. The parties agreed to delay sentencing for 18 months. If during that time defendant had no new violations of law, the felony and strike would be dismissed and defendant would be sentenced on the misdemeanor battery.

In November 2014, in case Nos. 14M5819 and 14TR6820, defendant pleaded no contest to two counts of driving under the influence (Veh. Code, § 23152) and one count of battery to an officer/medical/emergency personnel (§ 243, subd. (b)).

In case No. 12F8705, because defendant had not satisfied the condition that he not commit new violations of the law, the trial court sentenced him to three years on the count 1 felony battery conviction, doubled for the strike, for a total of six years in prison. The trial court awarded defendant 377 days of presentence credit (189 actual days and 188 conduct days) and imposed various fines and fees. There was no discussion of sentencing on the misdemeanor battery conviction.

In case Nos. 14M5819 and 14TR6820, the trial court sentenced defendant to 90 days in jail in each case, to run concurrently with the sentence in case No. 12F8705, and imposed various fines and fees.

## DISCUSSION

Because the trial court did not impose sentence on the count 3 misdemeanor battery conviction in this case, defendant contends we must remand the matter to the trial court and direct the trial court to impose a stayed sentence on count 3 pursuant to section 654. He argues the sentence must be stayed because the two spitting incidents were an indivisible course of conduct separated only by seconds.

The People agree the matter should be remanded for resentencing, but they disagree that the sentence on count 3 must be stayed. The People argue the trial court should determine whether the sentence on count 3 must be stayed. We agree with the People.

3

Section 654 provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).) Section 654 bars double punishment, including concurrent sentences, for a course of conduct constituting one indivisible transaction with one criminal objective. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19; *People v. Latimer* (1993) 5 Cal.4th 1203, 1208; *People v. Lee* (1980) 110 Cal.App.3d 774, 785.) Where section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469.) Whether multiple convictions are part of an indivisible transaction is a question of fact for the trial court. (*People v. Martin* (2005) 133 Cal.App.4th 776, 781; *People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252-1253.)

Here, the police report indicates defendant spit at Correctional Officer Sancibrian and missed. Sancibrian told defendant not to spit again or he would have to put a spit cover over his face to stop him. Defendant spit again, this time hitting Sancibrian. Defendant argues those facts support a conclusion that his actions were an indivisible course of conduct and he cannot be punished for both offenses. The trial court may determine that such a conclusion is supported by the evidence, but it may also determine that the evidence indicates defendant's conduct involved separate acts separated by sufficient time for defendant to reflect and consider his next action. (*People v. Trotter* (1992) 7 Cal.App.4th 363, 368.) We will remand the matter to the trial court so that it can sentence defendant on count 3 and determine whether the execution of that sentence must be stayed pursuant to section 654.

## DISPOSITION

Defendant's sentence is reversed and the matter is remanded to the trial court for resentencing.  The trial court is directed to impose sentence on the count 3 misdemeanor conviction and consider whether the execution of that sentence must be stayed pursuant to Penal Code section 654.  The judgment is affirmed in all other respects.

_____/S/_____
Mauro, Acting P. J.

We concur:

_____/S/_____
Murray, J.

_____/S/_____
Hoch, J.

5